NATIONAL TITLE COMPANY v. V. Y. LARAMORE and R. E. LARAMORE, her husband.

178 So. 165.
Division B.
Opinion Filed January 5, 1938.

*Inman Padgett,* for Appellant;

*C. S. Robertson,* for Appellees.

CHAPMAN, J.—The parties to this cause will be referred to as they appeared in the lower court as plaintiff and defendants. On December 17, 1935, plaintiff filed in the Circuit Court of Dade County, Florida, its amended bill of complaint alleging that on March 1, 1927, J. J. Scheiwer was the owner of certain real estate situated in Dade County, Florida, and on June 20, 1934, one Ernestine Hughes acquired a judgment in the Circuit Court of Dade County, Florida, for the sum of $2,000.00 and the same was recorded in Circuit Court Minute Book 82, at page 224. On May 20, 1935, J. J. Scheiwer conveyed said real estate to Dallas R. Tobin and wife, Nellie McCoy Tobin, by warranty deed. That at the time of the conveyance the property was subject to the judgment lien in the sum of $2,000.00 and the further sum of $843.33 for tax liens. The property was by the sheriff of Dade County, Florida, sold under the writ of execution on the aforesaid judgment and V. Y. Laramore became the purchaser thereof and received the sheriff's deed to said. real estate. Dallas R. Tobin made good by payment of tax liens on said property to the amount of $800.00 and conveyed all their interest to said real estate to National Title Company, plaintiff to this cause. The prayer of the amended bill of complaint is to impress the property with an equitable lien to the full amount of money spent by Dallas R. Tobin and wife, Nellie Tobin, for taxes in the approximate sum of $843.33, while the legal title thereto rests in V. Y. Laramore, who purchased at the sheriff's sale on the judgment against J. J. Scheiwer in favor of Ernestine Hughes. The bill of complaint has exhibits attached and by appropriate references made a part thereof.

On January 27, 1936, a motion to dismiss was directed to the amended bill and the same contained several grounds, but the only ground pertinent here is, "the said bill of complaint as amended is without equity.". The cause was heard on the motion directed to the amended bill in the lower court and after argument made and entered an order sustaining the motion to dismiss and the suit was dismissed on January 30, 1936.

From the order of dismissal an appeal was taken and the cause is here for review on the order sustaining the motion to dismiss. We have carefully examined the original and reply briefs of counsel for plaintiff for information, reasoning and citation of authorities supporting his theory of the suit—that it contained equity. There can be no doubt that the property was subject to the judgment lien and the sheriff's deed conveyed a good title. The record fails to disclose whether or not the property was the home of J. J. Scheiwer when the judgment was entered. There can be no dispute about Dallas R. Tobin taking title to the property, subject to all liens of record, inclusive of the judgment and tax liens. It is possible plaintiff has mistaken his remedy.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.